STANTON v. STURGIS et al.

(Circuit Court, S. D. New York. November 3, 1905.)

No. 6,248.

1. CONTRACTS—LEGALITY—PUBLIC POLICY.
   Two contracts entered into by plaintiff on the same day, the first with a railroad company to construct its road for which he was to be paid a per cent. upon the cost of construction, and the second with five out of the seven directors of the company by which he agreed to pay to them two-thirds of such per cent., are to be treated as in pari materia and as constituting a single contract, which is void as against public policy, and no action can be maintained to enforce either while it remains executory.
   [Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Contracts, §§ 701, 702.]

2. SAME—ACTION FOR BREACH—CONDITION PRECEDENT.
   Where a contract between plaintiff and a railroad company for the construction of its road provided that it should become null and void after a certain date unless substantial and satisfactory progress had been made by that time in the sale of the company's stock and bonds, and that the primary work in negotiating such sale should devolve upon plaintiff, he cannot maintain an action for damages because of the failure to build the road, without alleging that the required progress in the sale of the stock and bonds had been made by the time stipulated.

At Law. On demurrer to complaint.

Putney, Twombly & Putney (Henry B. Twombly and Louis H. Hall, of counsel), for plaintiff.
Levi William Naylor, for defendant George C. Sturgis.

HOLT, District Judge. Upon the face of the complaint, the contract on which this suit is brought was, in my opinion, void. The plaintiff, Stanton, entered into a contract with the Central Railway of West Virginia to construct its road, for which he was to be paid 15 per cent. upon the cost of construction.. On the same day he entered into another con-

tract with five out of the seven directors of the road, by which he agreed to pay them two-thirds of such 15 per cent. Such contract is, in my opinion, void as being against public policy. Obviously no action could have been maintained on it by the five directors against Stanton, if Stanton had built the road and received the 15 per cent.; and I think that no action can be maintained on it at all for any purpose. If it be claimed that this is really an action to recover the damages which Stanton suffered from not being permitted to build the road, I think that, if either contract is to be treated as distinct from the other, the contract which was violated was the construction contract made with the railroad company. But I think that the true view is that both contracts, being made at the same time and in substance between the same persons, though one is executed in the name of the corporation and the other in the names of a majority of the directors, are to be treated as in pari materia and as constituting one contract, and that the whole contract was incapable of enforcement so long as it remained executory. If Stanton had built the railroad, the question whether he was entitled to recover the 15 per cent. profits would be a different question. But the contract admittedly was not carried out. This action was brought for damages because it was not carried out; and in my opinion, the contract being illegal, either party to it was free to withdraw from it and to refuse to carry it out, and so long as it remains executory neither party can ask the aid of any court to enforce it.

There is another ground upon which it seems to me that this complaint is demurrable. The contract between Stanton and the five directors, provided that:

"The contract entered into this day between the Central Railway of West Virginia and said Stanton shall terminate and become null and void and of no validity after July 1, 1900, unless substantial and satisfactory progress has been made in negotiating said bonds and stock and in putting the whole project in a reasonable state of certain success within that time, unless the time be extended by mutual consent. It is understood between the parties hereto that the primary work of negotiating the sale of said bonds and stock shall devolve upon the party of the second part [Stanton, the plaintiff]."

The successful negotiation and sale of the bonds and stock provided for in the construction contract was the basis of the entire enterprise. If that did not take place, the road could not be built. By the above-quoted provisions Stanton had the primary work of negotiating such sale, and it was agreed that the construction contract should become null and void unless substantial progress had been made in selling the securities before July 1, 1900. Stanton, being charged by the contract with the primary work, knows whether such progress had been made. The complaint contains no allegation that it had been made. I think that, in order to recover in this action, such an allegation was necessary. In its absence the presumption is that the attempts to negotiate and sell the securities failed, and that therefore the construction contract became null and void as between the parties to this action.

My conclusion is that the demurrer should be sustained, with leave to the plaintiff to amend the complaint within 20 days upon payment of costs.